UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY COOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-10296-PBS |
| ) | |
| FOX NEWS CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OR IN THE ATLERNATIVE TO QUASH SERVICE**

**INTRODUCTION**

Non-party Fox News Network, LLC ("FNN"), respectfully submits this memorandum of law in support of its motion to dismiss or in the alternative to quash service. On March 30, 2012, non-party FNN was served with a summons and complaint directed to "Fox News Center." FNN does not do business as "Fox News Center," is not an agent for any entity called "Fox News Center," and had no involvement with the facts alleged in the complaint. Indeed, to FNN's knowledge, no entity called "Fox News Center" exists. The complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), for insufficient process and insufficient service of process. In the alternative, the Court should quash service on FNN.

In support of its motion, FNN has filed the accompanying Affidavit of Christopher Silvestri.

1

## FACTS

On February 13, 2012, *pro se* plaintiff Timothy Cooley filed the complaint in this action, captioned "Timothy Cooley v. Fox News." (Doc. No. 1). Cooley, a resident of Burlington, Massachusetts, alleges that defendant "Fox 25/My Fox News" published a defamatory article concerning his arrest for indecent assault and battery and threats to commit a crime. (Doc. No. 1, ¶¶ 1, 6). Underneath paragraph 2 of the complaint, which names the defendant as "Fox 25/My Fox News," is hand-written: "WFXT Fox 25, 25 Fox Drive Dedham MA 02027. (*Id.*).

On February 21, 2012, this Court issued a Memorandum and Order concerning Cooley's complaint. (Doc. No. 3). After noting that it had the authority to screen Cooley's complaint under statute and pursuant to its inherent responsibility to assure itself of subject matter jurisdiction, the Court observed that both Cooley and the named defendant, "Fox 25/My Fox News," were alleged to be residents of Massachusetts, and thus diversity jurisdiction appeared to be lacking. (Doc. No. 3 at 2-3, *citing* 28 U.S.C. § 1915(e)(2), and *In re Recitel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988)). The Court afforded Cooley 35 days to "show good cause in writing why this action should not be dismissed for lack of subject matter jurisdiction," and advised Cooley that he should "investigate whether he has named the proper defendant and/or whether the defendant is a citizen of Massachusetts or some other state based on its principal place of business." (Doc. 3 at 5 n. 3, *citing Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010)).

Eight days later, on February 29, 2012, Cooley filed a document in response to Court's order, stating: "The defendant's citizenship was incorrectly written. The correct citizenship is: Fox News Center, 1211 Avenue of the Americas (also known as the News Corp. Building), New York, NY 10036." (Doc. No. 4).

1503999.2

On March 8, 2012, this Court issued a further order, holding: (1) that the action would be permitted to proceed, given the apparent diversity of the parties, (2) that "Fox News Center" should be substituted as the defendant for "Fox 25/My Fox News," and (3) that a summons to "Fox News Center," should be issued and delivered to the plaintiff, who could then elect to have service performed by the United States Marshal Service. (Doc. No. 5).

On March 30, 2012, non-party Fox News Network, LLC ("FNN") was served at its principal place of business with a summons directed to "Fox News Center," a copy of the complaint in this action, a copy of Cooley's submission concerning subject-matter jurisdiction, and a copy of the Court's March 8, 2012 Order. (Affidavit of Christopher Silvestri ("Silvestri Aff.," ¶ 3). As established in the Affidavit of Christopher Silvestri, filed herewith, non-party FNN owns and operates the Fox News Channel, a cable and satellite television news station commonly known as "Fox News." (Silvestri Aff. ¶ 2). FNN is not known as "Fox News Center," does not do business as "Fox News Center," and is not an agent for service of process for any entity called "Fox News Center." (Id. ¶ 4). To FNN's knowledge, no entity known as "Fox News Center" exists. (Id., ¶ 4).

The Silvestri Affidavit further states that non-party FNN has nothing to do with the allegations contained in the complaint in this action. (Silvestri Aff. ¶ 5). Instead, those allegations relate to an article published on the Internet by "Fox 25," a television channel operated in Dedham, Massachusetts. (Complaint, Doc. No. 1; Silvestri Aff., ¶ 6). Fox 25, which broadcasts under the call letters WFXT, is owned and operated by Fox Television Stations, Inc., a corporation with its principal place of business in New York. (Id.). Non-party FNN is not an agent for service of process of Fox Television Stations, Inc. (Id.).

1503999.2

## ARGUMENT

I.  PLAINTIFF'S COMPLAINT IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12(b)(4) AND 12(b)(5).

Fox News Network, LLC ("FNN"), a non-party, has improperly been served with a summons to "Fox News Center," an entity that does not exist. Despite being given 35 days to conduct research and appropriately name the correct corporate defendant, plaintiff's submissions to the Court have resulted in the naming of a non-entity as the defendant, and in the attempted service of process on an non-party that has nothing to do with the allegations contained in the complaint. This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (12)(b)(5).

Where a plaintiff names a party that does not exist or serves an entity that is not named in the summons, the case may be subject to dismissal under Rule 12(b)(4) "on the theory that the summons does not properly contain the name of the parties," or under Rule 12(b)(5), "on the ground that the wrong party – that is, a party not named in the summons – has been served." *Wasson v. Riverside County,* 237 F.R.D. 423 (C.D. Cal. 2006). This case is subject to dismissal under both subsections of Rule 12.

A motion under Fed. R. Civ. P. 12(b)(4) addresses "insufficient process," meaning defects in "the form of the process," as opposed to its service. 5B Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1353 (3d ed.). Here, the summons is directed to "Fox News Center," an entity that does not exist. (Summons, Doc. No. 6; Silvestri Aff. at ¶ 4). The summons does not contain the name of the entity that was served, Fox News Network, LLC, because that entity was not named in the Complaint or in any other submission to the Court. *Wasson,* 237 F.R.D. at 424; Fed. R. Civ. P. 4(a)(1) ("A summons must . . . be directed to the defendant. . . ."). Accordingly, the action should be dismissed for "insufficient process." Fed. R. Civ. P. 12(b)(4).

The action is also subject to dismissal under Fed. R. Civ. P. 12(b)(5), for "insufficient service of process," because "a party not named in the summons" has been served. 5B Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed.). In a highly similar case, *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F.Supp. 354 (D. Mass. 1985), the plaintiff named an entity in his summons that never existed, "Temple Mountain Ski *Resort*, Inc.," and delivered a copy to the President of Temple Mountain Ski *Area*, Inc. *Id.* at 355. Relying on Rule 12(b)(4) and (5), the court dismissed the action on the ground that there was no proper service of process on the served party, "Ski Area," because its president "was served with a document not naming it as a party defendant." *Id.* So here, FNN has been served with a document that does not name FNN as a party to this case. As in *Gonzalez*, the Court should dismiss the action under both Rules 12(b)(4) and (5).

II.    IN THE ALTERNATIVE, THE COURT SHOULD QUASH SERVICE OF PROCESS.

In the alternative, this Court should quash service of process on non-party FNN, for the reasons explained above. Wright & Miller, 5B FEDERAL PRACTICE & PROCEDURE § 1354 (3d ed.) ("The federal courts have broad discretion to dismiss the action or to retain the case but quash the service . . . ."); *Sullivan v. Willibros Group, Inc.*, No. 06-6865 (E.D. La. Dec. 19, 2006) (attached hereto as Exhibit A) (quashing service on non-party Shell Oil Company, which was served with a summons naming non-existent entity "Shell Companies."). The mere amendment of the complaint will not cure the defect in service of process, because FNN is not an agent for service of process to any entity called "Fox News Center," the current defendant. (Silvestri Aff., ¶ 6). If the Court quashes service, the plaintiff, if he chooses, may amend his complaint to name the correct party and seek to effect service of process thereafter.

1503999.2

## **CONCLUSION**

For the foregoing reasons, non-party Fox News Network, LLC respectfully requests that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), or in the alternative, quash service.

Respectfully submitted,

FOX NEWS NETWORK, LLC,

By its Attorneys,

/s/ *Jeffrey J. Pyle*
Joseph D. Steinfield (BBO #478680)
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000 (tel.)
(617) 456-8100 (fax)

Certificate of Service

I, Jeffrey J. Pyle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that a paper copy will be sent via first-class mail to Timothy Cooley, plaintiff *pro se*, by first-class mail, on April 19, 2012.

/s/ *Jeffrey J. Pyle*

6

1503999.2